## WILLIAM B. PRESSLEY v. ADOLPHE TESTARD.

Where the judgment is by default, it will not be disturbed if the petition will support the judgment. But to support such a judgment of foreclosure the petition must so certainly describe the property decreed to be sold as to leave nothing to inference.

ERROR from Washington. The case was tried before Hon. ROBERT E. B. BAYLOR, one of the district judges.

Adolphe Testard, for the use and benefit of Archibald H. Lowry and William B. Testard, as the owner and holder

and bearer of a certain promissory note, executed and delivered by William B. Pressley, sued Pressley. He represents that said note was executed to secure payment of the purchase-money upon two certain lots, described in said note, situated in the town of Brenham, in said county, and he prays for judgment for the amount of said note, and for a decree foreclosing the vendor's lien, and a sale to satisfy the demand of the petitioner, and for general relief, &c. The note filed describes lots "situated in the town of Brenham, designated in the plot of said town as lots No. 43 and a part of lot No. 90, this day sold and conveyed to me by said Browning by deed of this date." The note was not attached, but it was filed, and was payable to William H. Browning or bearer.

The defendant filed a general demurrer and general denial. The record recites, "This day came the parties by their attorneys, and the defendant withdraws his pleas, and says nothing in bar of the plaintiff's action;" wherefore there was judgment and a foreclosure of the vendor's lien on the lots, as described in the petition and note, and as prayed for in the petitions.

The defendant prosecuted error, and assigned various grounds of errors.

There was no demurrer to the evidence, bill of exceptions, or statement of facts, by which to determine what was proved to the court, unless the fact that the note was copied into the record, with the words "filed" and "judgment" across its face, be viewed as evidence that the note was read, and that nothing else was proved. (Paschal's Dig., Arts. 1490, 1581, Notes 582, 613.) So that the precedent really is, that where a petition described property on which a foreclosure is prayed, by reference to a deed, and the description in the petition is not satisfactorily certain, the record must bear internal evidence that the description was proved by the deed, else the judgment will be reversed.

*Rice & Harding*, for plaintiff in error.—The petition is defective in not alleging to whom the note was executed, and in not alleging that the plaintiff was the holder of the note for a valuable consideration.

The judgment is excessive.

The description of the lots upon which the lien is foreclosed, particularly that of lot No. 90, is not set forth in the plaintiff's petition with sufficient precision to warrant the court in rendering judgment of foreclosure.

No brief for the defendant in error has been furnished to the *Reporter.*

WILLIE, J.—This was a suit in the court below upon a promissory note, and also to foreclose the vendor's lien upon certain town lots in the town of Brenham, for a part of the purchase money for which the note was given. The petition refers to the note, made part thereof, for a description of the property upon which the lien is sought to be foreclosed, and it is there described as lot No. 43, and a part of lot No. 90, in said town, sold and conveyed to plaintiff in error by William A. Browning, by deed of the same date with said note. This deed was not introduced in evidence, and does not appear among the papers of the case. To this petition a general demurrer and general denial were pleaded, and they were both afterwards withdrawn, and judgment rendered, by *nihil dicit*, against plaintiff in error. This judgment was for the principal and interest on the note, and it was ordered that the said lot No. 43, and part of lot No. 90, be sold as under execution, and the proceeds applied towards the satisfaction of the judgment. Pressley brings the case to this court by writ of error, and it is alleged by him that the judgment, so far as it forecloses the lien upon a part of lot No. 90, is too vague and uncertain. We think this objection well taken. It is impossible to ascertain from the pleadings or the judgment

how much of this lot was intended to be described, or how much was to be sold in satisfaction of the judgment. The judgment is certainly very vague, and there is nothing in the record by which it can be rendered more certain. The deed referred to in the note was not before the court below, and there was no means of ascertaining how much of lot No. 90 was conveyed by Browning to the plaintiff in error. The judgment conformed strictly to the pleadings, but the pleadings were themselves so indefinite, that no proper or valid judgment of foreclosure could be rendered upon them. The plaintiff should have set out in his petition a definite description of the portion of lot No. 90 upon which the lien was reserved, or have made the deed from Browning to Pressley a part of the petition.

A judgment could then have been rendered upon the pleadings which would have been sufficiently certain to notify the sheriff as to what particular property he was to sell in satisfaction of it. But the present one is entirely too vague and indefinite for that purpose.

The judgment must be reversed, and the cause

REMANDED.